EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF JASPER<br><br>ELIZABETH FRAZIER,<br><br>Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC, D/B/A DOLLAR GENERAL, D/B/A DOLLAR GENERAL STORE NO. 09450, MICHAEL ZACZEK and CANDY BERMEJO,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br><br>FOURTEENTH JUDICIAL CIRCUIT<br><br>CIVIL ACTION NO.: 2020-CP-27-_____<br><br>**SUMMONS**<br>**(JURY TRIAL DEMANDED)** |

**TO THE DEFENDANT ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the undersigned attorney at their office, 775 Saint Andrew's Blvd., Charleston, South Carolina 29407, within THIRTY (30) DAYS after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

THE LOKEY LAW FIRM, LLC.

/s/ *Warren R. Lokey, Esq.*
Warren R. Lokey, Esq. (SC Bar No.: 101792)
J. Logan Holmes, Esq. (SC Bar No.: 104364)
775 Saint Andrew's Blvd.
Charleston, SC 29407
Tel: (843) 202-0675
Fax: (843) 589-1042
Email: wrlokey@lokeylawfirm.com
ATTORNEYS FOR PLAINTIFF

December 10, 2020
Charleston, South Carolina

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF JASPER<br><br>ELIZABETH FRAZIER.,<br><br>        Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC, D/B/A DOLLAR GENERAL, D/B/A DOLLAR GENERAL STORE NO. 09450, MICHAEL ZACZEK and CANDY BERMEJO,<br><br>        Defendants. | IN THE COURT OF COMMON PLEAS<br><br>FOURTEENTH JUDICIAL CIRCUIT<br><br><br>CIVIL ACTION NO.: 2020-CP-27-_____<br><br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

**THE PLAINTIFF, COMPLAINING OF THE DEFENDANT, ALLEGE AND STATE AS FOLLOWS:**

### STATEMENT OF JURISDICTION

1. That the Plaintiff, Elizabeth Frazier (hereinafter referred to as "Plaintiff"), was and is at all times material to this Complaint, a resident in the County of Jasper, in the State of South Carolina.

2. That upon information and belief Defendant Dolgencorp, LLC, D/B/A Dollar General, D/B/A Dollar General Store No. 09450 (hereinafter referred to as "Dollar General") is a Kentucky corporation whose principal place of business is in Goodlettsville, Tennessee; is registered to do business within the State of South Carolina; and, upon information and belief, conducts a substantial amount of business throughout the State by being a retail corporation that operates a chain of discount department and grocery stores.

3. That upon information and belief Defendants Michael Zaczek and Candy Bermejo (hereinafter referred to as "Property Owners") was and is at all times material to this Complaint, residents in the County of San Francisco, in the State of California; and at all

times material to this Complaint, own property that is the subject matter of this litigation, Dollar General Store No. 09450, in the County of Jasper, in the State of South Carolina.

4. On or about January 6, 2018, Dollar General and Property Owners, (hereinafter referred to as "Defendants") owned, operated, managed and/or maintained; or had a duty to own, operate, manage and/or maintain; both individually and by and/or through its agents, servants and/or employees; a certain premises, inclusive of its amenities, known publicly as "Dollar General Store # 09450" located at 3618 Argent Blvd., Ridgeland, South Carolina, 29936 (hereinafter "the premises").

5. South Carolina's long-arm statute, found at S.C. Code Ann. § 36-2-803(A), states in relevant part that: "A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's . . . transacting any business in this State . . . or commission of a tortious act in whole or in part in this State."

6. Therefore, personal jurisdiction may be properly exercised over Defendants, in this State.

7. That venue is proper in Jasper County pursuant to S.C. Code § 15-7-30(C) because the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in Jasper County.

8. That this is an action for damages in excess of the jurisdictional minimum threshold ($7,500), exclusive of interest, costs and attorneys' fees.

9. That this Honorable Court has jurisdiction over the parties and the subject matter of this action.

10. At all times mentioned herein, Defendants were in possession and control of the area to which customers were invited to utilize, and where Plaintiff was injured as more fully set forth below.

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

## STATEMENT OF FACTS

11. Plaintiff would at this time re-allege each and every allegation of the Complaint contained in Paragraphs 1 through 10 as if each had been fully re-stated herein.

12. Upon information and belief, on or about January 6, 2018, Plaintiff was lawfully on the premises as an invitee of Defendants property known as ""Dollar General Store # 09450" located at 3618 Argent Blvd., Ridgeland, South Carolina, 29936.

13. Upon information and belief, on January 6, 2018, Plaintiff was walking in front of the store when Plaintiff suddenly slipped, right in front of the entrance to the store, and fell sustaining serious injuries including, but not limited to, Plaintiff's head, back, buttocks and shoulders.

14. Upon information and belief, Plaintiff was, at all times during her presence on the premises, an invitee of the Defendants.

15. A merchant owes his customer the duty to exercise ordinary care to keep its premises in a reasonably safe condition. The merchant's duties include warning of known dangers and making the premises safe.

16. At the aforesaid time and place, Defendants individually and/or by and through its agents, servants and/or employees owned, operated, managed and/or maintained; or had a duty to own, operate, manage and/or maintain the aforementioned premises including, but not limited to, interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places on the premises where it is ordinarily used by customers in transacting business.

17. At the aforesaid time and place, Defendants individually and/or by and through its agents, servants and/or employees during the course of maintenance knowingly, negligently,

recklessly, and/or willfully and wantonly with the conscious disregard for the safety of those upon their premises failed to ensure that the entranceways were free from any potential dangers to invitees.

18. At the aforesaid time and place, Defendants, individually and/or by and through its agents, servants and/or employees, failed to place adequate warnings, signage, alarms, or otherwise visually and/or audibly cognizable warning or alerts of the premise's hazardous deficiencies, including Plaintiff, to notify said persons of the unreasonably dangerous conditions then and there existing.

### FOR THE FIRST AND SOLE CAUSE OF ACTION: PREMISES LIABILITY:
*(Careless, Negligent & Reckless Operation and/or Maintenance of a Premises Resulting in Personal Injury to Plaintiff)*

19. Plaintiff would at this time re-allege each and every allegation of the Complaint contained in Paragraphs 1 through 18 as if each were fully re-stated herein.

20. At the aforesaid time and place, the Defendants individually and/or by and through their agents, servants and/or employees, had a duty to maintain the aforementioned premises including by way of example and without limitation: interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places on the premises where it is ordinarily used by customers in transacting business.

21. At the aforesaid time and place, Defendants, by and through its agents, servants and/or employees, failed to reasonably exercise its duty to properly maintain and/or improperly maintained, the aforementioned areas on the aforementioned premises in allowing and/or causing the entranceway to become unsafe for use by customers.

22. At the aforesaid time and place, Defendants, individually and/or by and through its agents, servants and/or employees, failed to place adequate warnings, signage, alarms, or otherwise

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

visually and/or audibly cognizable warning or alerts of the premise's hazardous deficiencies to notify said persons, including Plaintiff, of the unreasonably dangerous conditions then and there existing.

23. At the aforesaid time and place, Plaintiff was walking in front of the store when Plaintiff suddenly slipped, right in front of the entrance to the store, and fell sustaining serious injuries including, but not limited to, Plaintiff's head, back, buttocks and shoulders.

24. At the aforesaid time and place, Defendants as the owners and/or maintainer(s) of the aforementioned premises either individually or by and through their agents, servants and/or employees failed to act with nondelegable duties of reasonable care under the circumstances and acted, or failed to act in a careless, negligent, grossly negligent, and/or reckless manner, including:

    a. Improperly operating, managing, maintaining and controlling its premises by failing to properly maintain the entranceways, sidewalks, and all other places on the premises where customers, including Plaintiff, were permitted to walk, in a reasonably safe condition;

    b. The duty to provide for the safety of their invitees while on the premises owned and/or maintained by Defendants including keeping its entranceways and sidewalks in a reasonably safe condition and free from dangerous defects and conditions that could pose hazards to its invitees;

    c. Failing to make reasonable inspections of its premises, including the entranceways and sidewalks, and discover risks to its invitees and to warn of or eliminate foreseeable unreasonable risks necessary to prevent injury to invitees including Plaintiff;

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

d. Failing to warn customers of latent or hidden dangers on premises, including dangerous and defective conditions existing on entranceways, sidewalks, and otherwise existing on the premises when Defendants knew or should have known by exercising ordinary care that said warning was necessary to prevent injury to its customers including Plaintiff;

e. The duty to anticipate the harm to its invitees despite any obviousness of the dangerous conditions that may have existed and to take precautions to remove the potential dangers or harm;

f. Allowing the aforementioned premises to remain in a dangerous condition, making it unfit for use by its customers, including Plaintiff, for an unreasonable length of time;

g. Failing to adhere to any and all written internal policies of Defendants, regarding the inspection of the premises, and all such places on the premises where customers, including Plaintiff, were permitted;

h. Failing to provide properly maintained entranceways, sidewalks, and all such places on the premises where customers, including Plaintiff, were permitted in accordance with custom and practice in the industry resulting in a hazardous entranceway, sidewalks, and all such places on the premises where customers were permitted;

i. Failing to act in conformity with, or to abide by, generally accepted industry standards of safety with respect to entranceways, sidewalks, and all such place on the premises where customers were permitted;

j. By failing to hire, employ, contract with, or otherwise train or supervise persons

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

knowledgeable in public safety or otherwise capable of evaluating the potential risks and hazards of the aforementioned premises.

k.  Otherwise carelessly and negligently operating its premises through its acts or omissions;

l.  Otherwise recklessly operating its premises through its acts or omissions;

m.  Otherwise operating and maintaining its premises with willful and wanton disregard for the safety of all those lawfully upon Defendants said premises, to include Plaintiff;

n.  By such other and further acts of negligent, reckless and willful conduct as will be shown by the evidence produced at trial.

25. That Defendants by and through its agents, servants and/or employees, negligently and recklessly breached the duties of due care owed to Plaintiff in one or more of the following ways:

a.  By designing, constructing and/or maintaining: interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places so that unreasonable hazards were created, thereby creating unsafe and dangerous conditions for the public, including the Plaintiff.

b.  By designing, constructing and/or maintaining: interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places, intended for public use, in such a way that resulted in foreseeable unsafe and dangerous conditions for the public, including Plaintiff.

c.  In failing to design, construct, inspect and/or maintain the interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps,

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

and all other such places in such a way that invitees would be restricted from encountering hazards in and/or around interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places.

d. In failing to maintain, clean, inspect, construct and/or design: interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places on the premises where invitees, including Plaintiff, were permitted.

e. In failing to abide by controlling and applicable local, state, national and/or international building codes in the design, construction, inspection and/or maintenance of the: interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places so as to create unnaturally dangerous conditions unsafe for the Defendants invitees, including Plaintiff, for an unreasonable length of time.

f. Otherwise carelessly, negligently, and criminally negligently operating and/or maintaining the aforementioned premises by and through their acts and/or omissions;

g. Otherwise recklessly operating the aforementioned premises by and through their acts and/or omissions; and

h. Otherwise operating and maintaining their premises with a willful and wanton disregard for the safety of all those lawfully upon the aforesaid premises, to include Plaintiff;

i. By designing, constructing and/or maintaining the premises including, but not

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

limited to: interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places, intended for public use, in a dangerous condition without providing any warnings, and failing to provide any protection against the unsafe conditions;

j. If the condition that harmed Plaintiff and caused her injuries and damages is deemed to be an open-and-obvious defect, by failing to anticipate that invitees, such as Plaintiff, would nevertheless encounter the condition, and/or that invitees would not be able to discover the conditions;

k. By failing to have adequate procedures in place for periodic inspections and/or in failing to properly inspect the premises including, but not limited to, interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and all other such places so as to discover and remedy foreseeable dangers to invitees, such as the hazards that resulted in Plaintiff's injuries;

l. By failing to hire, employ, contract with, or otherwise train or supervise persons knowledgeable in public safety or otherwise capable of evaluating the risks and hazards of the premises to ensure compliance with local, state, national and/or international codes and regulations;

m. By such other and further acts of negligent, reckless and willful conduct as will be shown by the evidence produced at trial;

26. Upon information and belief, Defendants failed to exercise due care and caution, and in furtherance of their duty to provide a safe premises for their invitees, from inspecting the condition of the: interior and exterior walkways, aisles, passageways, sidewalks, parking

lots, entranceways, ramps, and all other such places, making necessary corrections, replacements or modifications, and otherwise rendering the premises fit for use by Defendants' invitees.

27. The Defendants' conduct demonstrated a complete absence of and breached their duty of due care; and such conduct and/or failure to act was negligent, grossly negligent, reckless, and constituted a willful disregard for the safety of the intended and foreseeable users of the aforementioned premises.

28. As a direct and proximate cause of Defendants' careless, negligent, and reckless acts and/or omissions as elaborated herein, Plaintiff's injuries include, but are not limited to, Plaintiff's head, back, buttocks and shoulders and damage to Plaintiff's property as a result of the incident including, but not limited to, Plaintiff's clothing due to the dangerous condition of the: interior and exterior walkways, aisles, passageways, sidewalks, parking lots, entranceways, ramps, and unsafe conditions of the premises.

## DAMAGES

29. Plaintiff would at this time re-allege each and every allegation of the Complaint contained in Paragraphs 1 through 28, including all subparts, as if fully set forth herein.

30. As a direct and proximate cause of Defendant's careless, negligent, reckless and willful acts and/or omissions, Plaintiff suffered and sustained injuries, including, but not by way of limitation, the following:

    a.    Severe physical injury and impairment;

    b.    Hindered from, and will continue to be hindered from attending to usual duties and affairs of life;

    c.    Pain and suffering from the time of the incident to the present;

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

    d.    Certainty of future pain and suffering;

    e.    Embarrassment and mental anguish;

    f.    Substantial loss of enjoyment of life, and recreational opportunities;

    g.    Medical expenses to date;

    h.    Likelihood of future medical expenses;

31. Plaintiff has lost, and will in the future lose, the value of that time as aforementioned, causing both pecuniary loss as well as loss of enjoyment of life as a direct and proximate result of the aforesaid careless, negligent and reckless acts and/or omissions of Defendants.

32. Plaintiff, then and there suffered great pain and anguish, both in mind and body, and will in the future continue to suffer the injurious effects which arose as a direct and proximate result of the aforesaid careless, negligent, and reckless acts or omissions of Defendants.

33. Plaintiff's injuries were of such a manner and nature that Plaintiff was forced to expend large sums of money for treatment of the damages caused by the aforesaid careless and negligent and reckless acts or omissions of Defendants.

34. Plaintiff sustained injuries including, but not limited to, Plaintiff's head, back, buttocks and shoulders, and damage to Plaintiff's property as a result of the incident including, but not limited to, Plaintiff's clothing as a direct and proximate cause of the aforesaid careless, negligent, and reckless acts of omission of the Defendants.

35. Plaintiff's injuries were of such a manner and nature that the Plaintiff was forced to personally expend large sums of money for treatment of the damages caused by the aforesaid careless and negligent and reckless acts or omissions of the Defendants.

36. Plaintiff has further expended sums of money for medical care and services endeavoring for Plaintiff to become healed and cured of said injuries.

**WHEREFORE,** the Plaintiff, Elizabeth Frazier, having fully set out her cause of action, respectfully pray for the entry of a judgment against the Defendants, by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post-judgment interest, and for such other and further relief, in law or in equity, as this Honorable Court would find fair, just, and proper.

                                      Respectfully submitted,
                                      THE LOKEY LAW FIRM, LLC.

                                      <u>/s/ Warren R. Lokey, Esq.</u>
                                      Warren R. Lokey, Esq. (SC Bar No.: 101792)
                                      J. Logan Holmes, Esq. (SC Bar No.: 104364)
                                      775 Saint Andrew's Blvd.
                                      Charleston, SC 29407
                                      Tel: (843) 202-0675
                                      Fax: (843) 589-1042
                                      Email: wrlokey@lokeylawfirm.com
                                      ATTORNEYS FOR PLAINTIFF

December 10, 2020
Charleston, South Carolina

ELECTRONICALLY FILED - 2020 Dec 10 4:16 PM - JASPER - COMMON PLEAS - CASE#2020CP2700644

7020 1810 0002 3153 2621

FIRST-CLASS

US POSTAGE
$ 008.00
02 1P
0001178577    DEC 10 20
MAILED FROM ZIP CODE 29407

# THE LOKEY LAW FIRM

A LIMITED LIABILITY COMPANY

775 SAINT ANDREW'S BOULEVARD
CHARLESTON, SOUTH CAROLINA
29407-7167

Dolgencorp, LLC
ATTN: Registered Agent/
Corporation Service Company
508 Meeting St.
West Columbia, SC 29169