IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ELIZABETH FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:21-cv-0135-DCN |
| vs. ) | |
| ) | **ORDER** |
| DOLGENCORP, LLC, d/b/a DOLLAR ) | |
| GENERAL, d/b/a DOLLAR GENERAL ) | |
| STORE NO. 09450; MICHAEL ZACZEK; and ) | |
| CANDY BERMEJO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The following matter comes before the court on defendants Michael Zaczek ("Zaczek") and Candy Bermejo's ("Bermejo") (collectively, "defendants") motion to dismiss, ECF No. 17. For the reasons set forth below, the court grants the motion and dismisses Zaczek and Bermejo from the case.

## I.  BACKGROUND

This action arises out of an alleged slip-and-fall. According to the complaint, on January 6, 2018, plaintiff Elizabeth Frazier ("Frazier") slipped and fell in front of a Dollar General store in Ridgeland, South Carolina, sustaining serious injuries to her head, back, buttocks, and shoulders. On December 10, 2020, Frazier filed this action against defendants and defendant DolgenCorp, LLC d/b/a Dollar General ("Dollar General") in the Jasper County Court of Common Pleas. ECF No. 1-1, Compl. There is no dispute that Frazier properly served Dollar General with the summons and complaint shortly thereafter. On January 13, 2021, Dollar General removed the action to this court. ECF No. 1.

1

Defendants Zaczek and Bermejo allegedly own the building in which Dollar General operates its store. Although the complaint includes Zaczek and Bermejo as defendants, Frazier did not attempt to serve them with the summons and complaint until late March 2021. She has presented evidence that she attempted to serve defendants at a San Francisco, California address five times from March 30, 2021 to April 3, 2021. ECF No. 21-1. Those attempts were unsuccessful. On April 12, 2021, Frazier filed a motion for service by publication, ECF No. 15, which the court granted on April 14, 2021, ECF No. 16. On April 16, 2021, Frazier attempted to serve the defendants via certified mail. It is unclear whether defendants received the summons and complaint as a result of that attempt. On May 4, 2021, defendants filed a motion to dismiss, arguing that Frazier failed to properly serve them within the applicable limitations period. ECF No. 17. On May 18, 2021, Frazier filed a response in opposition, ECF No. 21, and on May 24, 2021, defendants filed a reply in support, ECF No. 23. As such, the motion has been fully briefed and is ripe for review.

## II.  STANDARD

Fed. R. Civ. 12(b)(5) provides defendants a vehicle for challenging the sufficiency of a plaintiff's service of process. Where a plaintiff fails to properly effect service, Fed. R. Civ. P. 4(m) authorizes a district court to "dismiss the action without prejudice" or "order that service be made within a specified time." If service would be futile because a plaintiff's claim fails as a matter of law, the court should not grant a plaintiff additional time to effect proper service. See Rogers v. Henderson, 2015 WL 2194477, at *2 (M.D.N.C. May 11, 2015) ("Allowing time to cure any service defects would be futile because, as explained below, [the plaintiff's] claims must be dismissed

2

for failure to state a claim."); see also Quinn v. Copart, Inc., 2018 WL 6498895, at *3 (D.S.C. Dec. 11, 2018), aff'd sub nom. Quinn v. Copart of Connecticut, Inc., 791 F. App'x 393 (4th Cir. 2019) (dismissing with prejudice because "[w]hile ordinarily dismissal for ineffective service of process is without prejudice, here, such designation would be futile"). The plaintiff bears the burden to show that he or she complied with the rules for service. Shlikas v. SLM Corp., 2011 WL 2118843, at *2 (D. Md. May 25, 2011), aff'd, 546 F. App'x 290 (4th Cir. 2013).

### III.  DISCUSSION

Defendants ask the court to dismiss them from this action, arguing that Frazier "failed to properly serve [defendants] within the statute of limitations, which expired on January 6, 2021, or within 120 days of filing her complaint, which passed on April 9, 2021." ECF No. 17 at 1. In response, Frazier concedes that service upon defendants is (if yet accomplished at all) untimely but asks that the court equitably toll the limitations period so that she can accomplish service. Because Frazier has not demonstrated that a court-ordered toll is justified, the court finds that Frazier failed to serve defendants within the applicable statute of limitations. Therefore, permitting Frazier to cure her defective attempts at service would be an exercise in futility. Thus, the court grants defendants' motion and dismisses them from the case.

Where, as here, the court sits in diversity, it must look to state law to resolve statute-of-limitations issues, including whether the applicable limitations period should be tolled. See Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) ("[I]n any case in which a state statute of limitations applies—whether because it is 'borrowed' in a federal question action or because it applies under Erie in a diversity action—the state's

accompanying rule regarding equitable tolling should also apply."). Under South Carolina law, "[u]nless an action is commenced before expiration of the limitations period, the plaintiff's claim is normally barred." Blyth v. Marcus, 470 S.E.2d 389, 390 (S.C. Ct. App. 1996). South Carolina's applicable statute of limitations for personal injury actions is three years and begins to run on the date of the alleged injury. S.C. Code Ann. § 15-3-530(5); Wiggins v. Edwards, 442 S.E.2d 169, 170 (S.C. 1994). Further, in South Carolina, an action is "commenced" for statute of limitations purposes "when the summons and complaint are filed with the clerk of court <u>if actual service is accomplished within one hundred twenty days after filing</u>." S.C. Code Ann. § 15-3-20(B) (emphasis added). The Supreme Court of South Carolina has explained why the legislature included the one-hundred-twenty-day "safety net" between filing and service for statute of limitations purposes:

> [T]he legislative intent . . . was to provide a safety net for cases where filing of the summons and complaint occurs near the end of the statute of limitations and service is made after the limitations period has run. The statute and the rule, read together, provide that (1) an action is commenced upon filing the summons and complaint, if service is made within the statute of limitations, and (2) if filing but not service is accomplished within the statute of limitations, then service must be made within 120 days of <u>filing</u>.

Mims ex rel. Mims v. Babcock Ctr., Inc., 732 S.E.2d 395, 397–98 (S.C. 2012) (emphasis in original).

Frazier's complaint alleges that her injury occurred on January 6, 2018. She filed the summons and complaint on December 10, 2020, shortly before the limitations period expired on January 6, 2021. Under South Carolina law, then, Frazier had 120 days after filing, or until April 9, 2021, to accomplish service upon defendants for her claim to be timely under South Carolina law. And yet, Frazier did not attempt to serve defendants

4

until March 30, 2021, ten days before the expiration of § 15-3-20(B)'s "safety net" period.  ECF No. 21-1.  That attempt at personal service, like the four that followed, was unsuccessful.  After the expiration of § 15-3-20(B)'s 120-day grace period, Frazier made two additional attempts at service—first by publication on April 12, 2021, ECF No. 15, and second by certified mail on April 16, 2021.  Obviously, these attempts at service— even if "successful"—are untimely, as each occurred after April 9, 2021.  Indeed, Frazier concedes that "service was not perfected within the 120 days of filing the [s]ummons and [c]omplaint."  ECF No. 21 at 3.  Therefore, there is no dispute that, absent any court-ordered tolling, Frazier's claim against defendants fails under South Carolina's applicable statute of limitations.

In response to the motion to dismiss, Frazier asks the court to "consider service proper under the [d]octrine of [e]quitable [t]olling."  Id.  The Supreme Court of South Carolina has explained, "In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations."  Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr., 687 S.E.2d 29, 32 (S.C. 2009) (citing 54 C.J.S. Limitations of Actions § 115 (2005)).  South Carolina has embraced a flexible standard, noting that tolling may be appropriate "in a variety of contexts":

> The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other. Equitable tolling may be applied where it is justified under all the circumstances.

Id. at 33 (quoting Hausman v. Hausman, 199 S.W. 3d 38, 42 (Tex. App. 2006)).  Still, tolling is appropriate only to the extent that it "is necessary to prevent unfairness to a

diligent plaintiff." Pelzer v. State, 662 S.E.2d 618, 620 (S.C. Ct. App. 2008).  Most crucial to the inquiry is the diligence with which the plaintiff pursued her rights.  See Hooper, 687 S.E.2d at 32.  The law in South Carolina is clear that equitable tolling is granted "rarely" and "reserved for extraordinary circumstances." Pelzer, 662 S.E.2d at 620; see also Hooper, 687 S.E.2d at 32 ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use.").

      The circumstances here are not so extraordinary and instead suggest little more than run-of-the-mill indiligence.  Frazier notes that she attempted service five times prior to April 9, 2021 and that she "ultimately performed" service "either by [c]ertified [m]ail" on April 16, [2021] . . . or by [p]ublication on April 29, [2021.]" ECF No. 21 at 3.  But these service attempts do nothing to demonstrate Frazier's diligence.  For one, Frazier has not claimed that she attempted service on defendants at any point prior to the expiration of the statute of limitations, which occurred on January 6, 2021.  Worse, Frazier waited until March 30, 2021, ten days before the expiration of § 15-3-20(B)'s safety-net period, before even attempting to serve defendants.  In other words, Frazier faced a three-year limitations period and a 120-day statutorily granted grace period, yet she waited three years and 110 days to attempt service on defendants.  This court has found that "a plaintiff who makes no attempt at service until the final days of the 120–day period generally cannot demonstrate the 'reasonable, diligent efforts to effect service' required for a finding of good cause." Joe Hand Promotions, Inc. v. Novak, 2012 WL 5077578, at *2 (D.S.C. Oct. 18, 2012) (quoting Hoffman v. Baltimore Police Dep't, 379 F. Supp. 2d 778, 786 (D. Md. 2005)).  Frazier's eleventh-hour and after-the-fact attempts at service cannot redeem her lack of diligence.

Nor does the case on which Frazier relies, Hooper, give the court a reason to toll the limitations period. 687 S.E.2d at 29. In fact, the two ways in which Hooper differs from the instant case demonstrate precisely why equitable tolling was appropriate there and why the court cannot invoke it here. First, and most fundamentally, the plaintiff in Hooper acted diligently. 687 S.E.2d at 34 ("[The plaintiff] finally was able to effect service after the statute of limitations had run, only after she exercised reasonable and due diligence to serve [the defendant]'s agent."). Frazier, as the court outlined above, has not. Second, the defendant in Hooper was to blame for the plaintiff's inability to effect proper service. Id. at 33–34 ("[W]e find [the defendant]'s failure to properly list its registered agent for service with the Secretary of State as required by state law hindered [the plaintiff]'s pursuit of service."). Frazier has not argued, and the court has no reason to believe, that defendants are to blame for Frazier's failed service attempts. As the court explained above, Frazier's failures are her own. Therefore, the court is without grounds to invoke the doctrine of equitable tolling.

Frazier's statute of limitations expired on January 7, 2021. She did not attempt to serve defendants before that deadline. Nevertheless, South Carolina law offered Frazier a 120-day "safety net" during which she could accomplish service, that period expiring on April 9, 2021. Frazier failed to even attempt to take advantage of that grace period until March 30, 2021 and now fails to give the court any excuse for her delay. When she finally attempted service at the final hour, her attempts at service failed. Now, Frazier requests that the court toll the statute of limitations on top of the built-in grace period South Carolina law already affords. Because Frazier has failed to demonstrate her diligence, the court must deny that request. Therefore, Frazier has missed the statute of

limitations with respect to her claim against defendants, meaning that affording her an additional grace period to perfect service on defendants would be futile. Accordingly, the court grants the motion to dismiss and dismisses defendants Zaczek and Bermejo from this action.

## IV.  CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to dismiss and **DISMISSES** defendants Zaczek and Bermejo from the case.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 3, 2021
Charleston, South Carolina**