**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| ELIZABETH FRAZIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOLGENCORP, LLC, d/b/a DOLLAR ) <br> GENERAL, d/b/a DOLLAR GENERAL ) <br> STORE NO. 09450; MICHAEL ZACZEK; and ) <br> CANDY BERMEJO, ) <br> ) <br> Defendants. ) <br> _____ ) | No. 9:21-cv-0135-DCN <br><br> **ORDER** |

The following matter comes before the court on plaintiff Elizabeth Frazier's ("Frazier") motion to reconsider, ECF No. 27. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This action arises out of an alleged slip-and-fall. According to the complaint, on January 6, 2018, Frazier slipped and fell in front of a Dollar General store in Ridgeland, South Carolina, sustaining serious injuries to her head, back, buttocks, and shoulders. On December 10, 2020, Frazier filed this action against defendants Michael Zaczek ("Zaczek"), Candy Bermejo ("Bermejo"), and DolgenCorp, LLC d/b/a Dollar General ("Dollar General") in the Jasper County Court of Common Pleas. ECF No. 1-1, Compl. There is no dispute that Frazier properly served Dollar General with the summons and complaint shortly thereafter. On January 13, 2021, Dollar General removed the action to this court. ECF No. 1.

1

Zaczek and Bermejo (hereinafter, "defendants") allegedly own the building in which Dollar General operates its store.  Although the complaint includes Zaczek and Bermejo as defendants, Frazier's earliest documented attempt to serve them with the summons and complaint is dated late March 2021.  Specifically, Frazier presented evidence that she attempted to serve defendants at a San Francisco, California address five times from March 30, 2021 to April 3, 2021.  ECF No. 21-1.  Those attempts were unsuccessful.  On April 12, 2021, Frazier filed a motion for service by publication, ECF No. 15, which the court granted on April 14, 2021, ECF No. 16.  On April 16, 2021, Frazier attempted to serve defendants via certified mail.  It is unclear whether defendants received the summons and complaint as a result of that attempt.  On May 4, 2021, defendants filed a motion to dismiss, arguing that Frazier failed to properly serve them within the applicable limitations period.  ECF No. 17.  On June 3, 2021, the court granted the motion and dismissed Zaczek and Bermejo from the action (the "Order of Dismissal").  ECF No. 25.

On June 10, 2021, Frazier filed a motion to reconsider the Order of Dismissal. ECF No. 27.  On June 22, 2021, defendants responded in opposition.  ECF No. 28. Frazier did not file a reply, and the time to do so has now expired.  As such, the motion is now ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 54(b) is the proper avenue by which a party may seek reconsideration of an interlocutory order.[1] Spill the Beans, Inc. v. Sweetreats, Inc., 2009 WL 2929434 at *1 (D.S.C. Sept. 8, 2009).  Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted."  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) (citations omitted); see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").  Compared to motions under Rule 59(e) for reconsideration of final judgments, "Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (citation omitted).

---

[1] While Frazier brings her motion under Federal Rules of Civil Procedure 59(e) and 60(b)(1), and defendants also maintain that Rule 59(e) applies, those rules are confined to final orders, which the Order of Dismissal is not because it dismissed less than all the parties and claims in this action.

3

"The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion" but has noted that Rule 54(b) motions "are 'not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" Ashmore v. Williams, 2017 WL 24255 at *2 (D.S.C. Jan. 3, 2017) (quoting Am. Canoe Ass'n, 326 F.3d at 514). "In this regard, district courts in the Fourth Circuit . . . look to the standards of motions under Rule 59 for guidance." Id. (citations omitted). Therefore, Rule 54(b) reconsideration is appropriate: "(1) to follow an intervening change in controlling law; (2) on account of new evidence [discovered during litigation as opposed to after the judgment]; or (3) to correct a clear error of law or prevent manifest injustice." Id. (citation omitted); Carlson, 856 F.3d at 324. Like a Rule 59(e) motion, a Rule 54(b) motion "may not be used merely to reiterate arguments previously rejected by the court." Sanders v. Lowe's Home Ctrs., LLC, 2016 WL 5920840 at *4 (D.S.C. Oct. 11, 2016) (citation omitted).

### III.   DISCUSSION

Frazier asks that the court reconsider its dismissal of Zaczek and Bermejo for failure of service within the applicable limitations period or the 120-day grace period after filing the complaint provided under S.C. Code Ann. § 15-3-20(B). Frazier does not explain how any of the Rule 54(b) or 59(e) grounds for reconsideration are satisfied in her motion, and the court must assume that Frazier's sole justification for the motion is to correct a clear error of law or prevent manifest injustice. Upon consideration, the court finds that Frazier is not entitled to relief.

Frazier does not dispute the court's finding that she missed the April 9, 2021 deadline for timely service upon defendants. Frazier instead challenges the court's

finding that Frazier was not diligent in her efforts to serve defendants such that she could not invoke the doctrine of equitable tolling. Specifically, Frazier explains that the court incorrectly found that she did not make any attempts to serve defendants until March 30, 2021—ten days before the expiration of the 120-day "safety net" period for service provided under S.C. Code § 15-3-20(B). Frazier argues that she was, in fact, "engaged in attempting to perfect service upon the Defendants well before March 30, 2021." ECF No. 27 at 1. She explains that she attempted to locate a process server in California as early as December of 2020, but she was informed that personal service could not be perfected at the location believed to be their current address, as it was neither a residence nor an office but a United States Postal Service facility. Frazier then had to further investigate to discover defendants' proper address. After discovering the proper address, Frazier attempted service at that address for five consecutive days starting on March 30, 2021, but each attempt was unsuccessful. Frazier thereafter engaged in alternative methods for service, including by certified mail on April 16, 2021 and by publication starting on April 15, 2021 and concluding on April 29, 2021. Frazier's belated arguments do not convince the court that she was diligent in her service efforts or that the court should reconsider its decision declining to equitably toll the statute of limitations.

As the court stated in its Order of Dismissal, "the law in South Carolina is clear that equitable tolling is granted 'rarely' and 'reserved for extraordinary circumstances.'" ECF No. 25 at 6 (quoting Pelzer v. State, 662 S.E.2d 618, 620 (S.C. Ct. App. 2008)). "[T]olling is appropriate only to the extent that it 'is necessary to prevent unfairness to a diligent plaintiff.'" Id. at 5–6 (quoting Pelzer, 662 S.E.2d at 620). The court stands by its finding that the "circumstances here are not so extraordinary and instead suggest little

more than run-of-the-mill indiligence." Id. at 6. The fact that Frazier contacted a process server on December 11, 2020—less than a month before the statute of limitations expired on January 6, 2021—does not convince the court that Frazier was diligent in her pursuit of serving defendants. Of course, contacting a process server does not amount to an "attempt" at service. Moreover, as the email chain submitted by Frazier shows, the process server immediately responded to Frazier's inquiry with an estimate for service of process. ECF No. 27-2. Notably, Frazier does not provide any evidence of her response to that estimate or any of her efforts between December 11, 2020 and her first documented service attempt on March 30, 2021—mere days before the end of the 120-day statutorily-granted grace period. With Frazier's limited argument on the matter and no evidence before the court to support it, the court is not satisfied that Frazier diligently pursued service during the relevant 3.5-month time frame after she first contacted a process server. For example, even accepting Frazier's account of the difficulties she faced in serving defendants as true, it is entirely unclear why Frazier waited until after the 120-day grace period to attempt service by publication. Regardless, Frazier was afforded three years under the limitations period and an additional 93 days under the grace period to accomplish service. The liability carrier denied any responsibility for the loss on February 15, 2019, ECF No. 28-1, from which time Frazier still had approximately 784 days to accomplish service.[2] It was Frazier's responsibility to affirmatively protect her

---

[2] Frazier's argues that the court should excuse the lack of service upon defendants because defendants "were clearly aware of the claims being brought against them as [Frazier] has been negotiating with their carrier, Auto-Owners Insurance, as early as February of 2019 and long before the applicable statute of limitations." ECF No. 27 at 2. Frazier cites no authority to support this argument, and the court finds it without merit. First, "[n]otice of an insurance claim and notice of a lawsuit, especially one that has not yet be filed, are not the same thing." Shanbhag v. Dupont, 2020 WL 6689138, at *6

6

rights by filing her complaint and attempting service upon defendants at a sufficiently early time to allow for delays like that the ones she faced.  Any difficulties Frazier encountered in perfecting service at the tail-end of her allotted window are of her own making.  The court is entirely unconvinced that Frazier would have been unable to timely accomplish service had she acted diligently, and therefore, the court does not find that clear error or manifest injustice in declining to equitably toll the statute of limitations.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to reconsider.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**January 24, 2022**
**Charleston, South Carolina**

---

(D.S.C. Nov. 12, 2020).  Second, notice to defendants' liability carrier does not automatically equate to notice to defendants.  See Louden v. Moragne, 486 S.E.2d 525, 526 (S.C. Ct. App. 1997) ("The fact that any judgment rendered will not ultimately be collected from the named defendant but from the insurance company does not excuse the fundamental requirements of personal service.").